USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/20

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Grace L. Mead
Stearns Weaver Miller
150 West Flagler Street
Suite 2200
Miami, FL 33130
(305) 789-3559
gmead@stearnsweaver.com

October 6, 2020

Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street, Room 12C
New York, NY 1007

**MEMORANDUM ENDORSED**

Re:   *Charles R. Acklin, et al. v. Ian Bruce Eichner, et al.*, Case No 1:20-CV-07042 –
      Pre-Motion Submission for Motion to Dismiss

Dear Judge Woods:

We represent Defendant Bluegreen Vacations Unlimited, Inc. ("Bluegreen Vacations") in this case, where the First Amended Complaint seeks to hold Bluegreen Vacations liable for the wrongdoing of the other defendants, lifting its few adequately pleaded facts from exhibits establishing that the New York Attorney General viewed Bluegreen Vacations not as part of the other defendants' wrongdoing but rather part of the remedy.

Consistent with Your Honor's Individual Rules of Practice in Civil Cases, we write to provide Bluegreen Vacations' pre-motion submission in connection with our intended motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is not on consent.

   **I.   The First Amended Complaint's Allegations and Incorporated Documents**

From 1997 to 2013, Plaintiffs purchased interests in a Manhattan timeshare property called "The Manhattan Club" and became members of The Manhattan Club Timeshare Association, Inc. Dkt. 17, ¶¶ 1-127. An investigation by the New York Attorney General's Office resulted in an Assurance of Discontinuance with the sponsors and the operator of the timeshare who had sold those interests to Plaintiffs, referred to in the First Amended Complaint as the "Eichner Defendants," but not Bluegreen Vacations. *See* Dkt. 17-1.

The First Amended Complaint repeatedly alleges that the "Eichner Defendants made materially false representations when selling TMC timeshare interests" to Plaintiffs. Dkt. 17, at 15. And it attaches the two exhibits from the investigation: (1) a July 2, 2015 Affirmation from an

Hon. Gregory H. Woods
United States Courthouse
October 6, 2020
Page 2

Assistant Attorney General with the Office of the Attorney General of the State of New York, *see* Dkt. 17-2; and (2) an August 14, 2017 Assurance of Discontinuance executed by the New York Attorney General's Office and the Eichner Defendants, *see* Dkt. 17-1. Both exhibits describe historical acts, misrepresentations, and omissions by the Eichner Defendants and their agents in violation of New York's Martin Act in the offering and sale of timeshare interests and in management of The Manhattan Club. *See* Dkt. 17-1 & 17-2. But, about Bluegreen Vacations' historical role, both exhibits say nothing.

As for remedies, the Assurance of Discontinuance required the Eichner Defendants to exit the timeshare industry and divest from The Manhattan Club to a "TMC Purchaser." Dkt. 17-1 ¶ 62. The Office of the New York Attorney General approved Bluegreen Vacations as the "TMC Purchaser," which resulted in a March 15, 2018 Agreement for Purchase and Sale of Assets ("Asset Purchase Agreement"), which is incorporated by reference into and integral to the operative complaint. That Asset Purchase Agreement provided for the sale of timeshare inventory at The Manhattan Club over time and, after three years, transfer of the existing management contract for The Manhattan Club from various Eichner Defendants to Bluegreen Vacations or its designee. With the purchase and the Attorney General's approval, Bluegreen Vacations was to serve as a white knight.

The First Amended Complaint also concedes that, shortly after it was executed and in connection with "an adverse legal proceeding" between Bluegreen Vacations and the Eichner Defendants, the Asset Purchase Agreement was "terminated." Dkt. 17 ¶ 206.

The First Amended Complaint attempts to assert claims for breach of contract, tortious interference with contract, breach of fiduciary duty, common law fraud, and a civil RICO violation against both the Eichner Defendants (the actual wrongdoers) and Bluegreen Vacations (the white knight) for the misconduct alleged by the New York Attorney General against the Eichner Defendants alone. Plaintiffs argue that Bluegreen Vacations is liable anyway because it "assumed joint liability for the prior wrongdoing at [The Manhattan Club] that the Eichner Defendants committed." But, of course, Bluegreen Vacations did not blindly agree to assume liability for the Eichner Defendants' misdeeds when asked to take over The Manhattan Club.

    II.    **The First Amended Complaint Fails to State a Cause of Action**

The First Amended Complaint does not adequately allege any wrongdoing by Bluegreen Vacations. Nor does it state a claim based on a theory of successor liability.

**No Successor Liability under New York Law.** "Under both New York and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *New York v. National Service Industries, Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). This is true both of liabilities created by contract, *Cargo Partners AG v. Albatrans*, 352 F.3d 41, 44-45 (2d Cir. 2003), and in tort or by statute. *Schumacher v. Richards Shear Co.*, 59

Hon. Gregory H. Woods
United States Courthouse
October 6, 2020
Page 3

N.Y. 2d 239, 244 (N.Y. 1983). The default rule is *against* successor liability. Plaintiffs do not allege any exception.

**Plaintiffs Concede Ignorance of the Terms of the Asset Purchase Agreement Now "Terminated":** Incredibly, Plaintiffs admit both that they have never seen the contract under which they claim Bluegreen Vacations "assumed" the Eichner Defendants' liabilities and that that contract has been "terminated." Dkt. 17 ¶¶ 199 & 206. Standing alone, that defeats their claim.

**Asset Purchase Agreement Eliminates any Successor Liability:** Even worse for Plaintiffs, the Asset Purchase Agreement incorporated by reference into, and integral to, the First Amended Complaint provided in Section 3.1 that Bluegreen Vacations would assume only those "Liabilities to be paid, performed or discharged related to the portion of Seller's Assets then being acquired *which first accrue on or after the applicable Closing Date*." It also made clear that Bluegreen Vacations would not assume "any Liability or obligation of Seller to Timeshare Owners or others for acts or failure to act with respect to the Timeshare Project existing as of each Closing as to the portion of Seller's Assets being conveyed at such closing." *Id.* Under the Asset Purchase Agreement, Plaintiffs cannot state a claim.

**Failure to Plead Required Elements:** Finally, under any pleading standard, the First Amended Complaint fails to plead the required elements of each and every one of the litany of claims it tries to assert for the very simple reason that the New York Attorney General neither investigated Bluegreen Vacations for wrongdoing nor made any findings it had committed wrongdoing. That was because—far from describing Bluegreen Vacations as complicit in the Eichner Defendants' prior wrongdoing—the Attorney General considered Bluegreen Vacations to be an important part of the remedy.

We are available at the Court's convenience for a pre-motion conference. If the Court does not feel that is necessary, we are prepared to file our motion imminently. Thank you for your time and consideration.

Respectfully submitted,

*Grace L. Mead*
Grace L. Mead

cc: All Counsel

Application granted.  The Court will hold a pre-motion conference on October 15, 2020 at 11:00 a.m.  The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).
SO ORDERED.

Dated:  October 7, 2020

_____
GREGORY H. WOODS
United States District Judge