USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/20

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Grace L. Mead
Stearns Weaver Miller
150 West Flagler Street
Suite 2200
Miami, FL 33130
(305) 789-3559
gmead@stearnsweaver.com

October 26, 2020

Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street, Room 12C
New York, NY 1007

**MEMORANDUM ENDORSED**

Re:   *Charles R. Acklin, et al. v. Ian Bruce Eichner, et al.*, Case No 1:20-CV-07042 –
      Letter Motion for Approval of Sealed Filing

Dear Judge Woods:

We represent Defendant Bluegreen Vacations Unlimited, Inc. ("Bluegreen") in this case and write to further address the confidentiality of the 2018 Asset Purchase Agreement. Bluegreen continues to believe that, according to the broadest interpretation of the Asset Purchase Agreement's confidentiality provisions, only the consideration paid is potentially confidential. But, based on a request from the "Eichner Defendants," we respectfully request that the copies of the Asset Purchase Agreement filed with Bluegreen's motion to dismiss, *see* Dkt. 72-1 & 72-2, be temporarily filed entirely under seal until counsel for the Eichner Defendants has an opportunity to brief what parts of the Asset Purchase Agreement they believe are confidential and why.

As this Court may recall, this litigation involves a dispute between Plaintiffs, who are timeshare owners, and the Eichner Defendants, who were involved in selling Plaintiffs their timeshare interests. Plaintiffs also sued Bluegreen, claiming it bears successor liability under the Asset Purchase Agreement. At a telephonic hearing before filing the motion to dismiss, on October 15, counsel for Bluegreen explained that the Asset Purchase Agreement would be central to the motion to dismiss and that she had, out of an excess of caution, forwarded a copy to plaintiffs' counsel with the price terms redacted. Tr. of Oct. 15, 2020 Hr. at 9:23-25.

Consistent with what was discussed at that conference and on the day of filing the motion to dismiss, we sent an email to the parties indicating that we would be filing the Asset Purchase Agreement with the price terms redacted. And in Bluegreen's motion to dismiss itself, we have explained how the Asset Purchase Agreement is incorporated by reference into and integral to

Hon. Gregory H. Woods
United States Courthouse
October 26, 2020
Page 2

Plaintiffs' Amended Complaint, how it contradicts Plaintiffs' claim that Bluegreen bears any successor liability and eliminates any such liability, along with the many other reasons the Amended Complaint fails to state a claim against Bluegreen apart from the terms of the Asset Purchase Agreement. *See* Dkt. 73.

With Bluegreen's motion to dismiss, we filed a redacted copy of the Asset Purchase Agreement and a copy of a letter sent to Plaintiffs' counsel also attaching a copy of the Asset Purchase Agreement that had the same redactions in its native form. *See* Dkt. 72-1 & 72-2. Bluegreen initially sought to redact narrow portions of the Asset Purchase Agreement, removing only references to the consideration that was to be paid by Bluegreen. We did so to allow the Eichner Defendants to assert any claim to that effect themselves.

In light of the governing legal standard, that was the proper way to proceed. There is a strong presumption of public access to judicial records that are relevant to the court's performance of its judicial function. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 199-120 (2d Cir. 2006). But there are often considerations that weigh against public disclosure, such as "the privacy interests of those resisting disclosure." *Id.* at 120. After balancing those competing considerations, the Court may seal or redact information that, if disclosed, could "harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Within that framework, it may be permissible to redact targeted financial information from judicial records. *Cf. IBM v. Rodrigo Lima*, 2020 WL 6048773, *3 (S.D.N.Y. Oct. 13, 2020).

On Friday, October 23, the Eichner Defendants wrote to Bluegreen, contending that more than just the price terms of the Asset Purchase Agreement are confidential—though they have not yet identified them with particularity. So, on Monday, October 26, after consulting with the clerk's office, counsel sent an email requesting that the Asset Purchase Agreement be filed entirely under seal pending the Court's decision on the issue.

Bluegreen files this letter motion, consistent with Rule 4(A)(ii) of Your Honor's Individual Rules of Practice in Civil Cases ("Individual Practices"), to facilitate Your Honor's orderly disposition of the confidentiality issue, particularly because responses to Bluegreen's prior letter motion seeking permission to file a redacted version of the Asset Purchase Agreement (which has been mooted by this letter motion) were due today. *See* Dkt. 75. We have attached as Exhibit 1 an unredacted version of the Asset Purchase Agreement—which was filed in redacted form at docket entries 72-1 and 72-2—with the redacted words, phrases, and paragraphs highlighted, consistent with the Individual Practices.

To be clear, Bluegreen does not believe anything more than the price terms of the Asset Purchase Agreement need be redacted, if anything. Section 13.1 of the Asset Purchase Agreement contemplated that before the first periodic closing, the parties would take "efforts to keep the financial terms of this Agreement confidential." Ex. 1, § 13.1. Then, "From and after the First

Hon. Gregory H. Woods
United States Courthouse
October 26, 2020
Page 3

Closing, either Party may make press releases and such other disclosures as it deems appropriate (without including the confidential business terms of the Transactions) and the provisions of this Section 13.1 shall no longer be applicable." *Id.* Unlike other provisions that expressly "survive termination," Section 13.1 no longer constrains the parties' disclosures after the Asset Purchase Agreement's undisputed termination. Ex. 1, § 15.3; Ex. 1, §§ 12.3, 16.16 & 16.18. Upon termination, "the rights and obligations []under" a contract generally "cease." *Twitchell v. Town of Pittsford*, 483 N.Y.S.2d 524, 525 (4th Dep't 1984), *aff'd*, *Twitchell v. Town of Pittsford*, 66 N.Y. 2d 824 (1985). Even putting that aside, the only potentially confidential business terms supplied within the four corners of the Asset Purchase Agreement were the price terms.

We understand that the Eichner Defendants' submission further articulating their position, under Your Honor's Individual Practice, is due within three days of service of this letter. Plaintiffs have not yet taken a position on the matter.

Respectfully submitted,

Grace L. Mead

cc: All Counsel

In accordance with Rule 4(A)(ii) of the Court's Individual Rules of Practice in Civil Cases, the Eichner Defendants are directed to submit a letter explaining the need to redact information other than price terms by October 29, 2020.  The Eichner Defendants are further directed to file (a) a public copy with proposed redactions, and (b) a sealed copy of the unredacted document with the redactions highlighted.  The Court expects that it will rule on the motion to seal in conjunction with or shortly after its decision on Bluegreen's motion to dismiss.

SO ORDERED.

Dated:  October 27, 2020
New York, New York

GREGORY H. WOODS
United States District Judge