UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES R. ACKLIN, ET AL., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> IAN BRUCE EICHNER, LESLIE H. EICHNER STUART P. EICHNER, SCOTT L. LAGER, T. PARK CENTRAL LLC, O. PARK CENTRAL LLC, PARK CENTRAL MANAGEMENT, LLC, MANHATTAN CLUB MARKETING GROUP, LLC, NEW YORK URBAN OWNERSHIP MANAGEMENT, LLC AND BLUEGREEN VACATIONS UNLIMITED, INC., : <br> : <br> Defendants. : | Civil Action No. 20-cv-7042-GHW |

**PLAINTIFFS' RESPONSE TO BLUEGREEN VACATIONS UNLIMITED, INC.'S MOTION TO SEAL THE ASSET PURCHASE AGREEMENT**

## I.   INTRODUCTION

BlueGreen's Motion to Seal (Dkt. 75 and 77) their Asset Purchase Agreement ("APA") document with the Eichner Defendants should be denied because public policy considerations under both Common Law and First Amendment analyses require that the public have access to this document, especially since BlueGreen seeks to shield this document despite relying on its contents to support their Motion to Dismiss Plaintiffs' Complaint (Dkt. 17).[1]

## II.   ARGUMENT

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). "[J]udicial documents" are documents filed with a court that are "relevant to the performance of the judicial

---

[1] The Eichner Defendants urged BlueGreen to file the Motion to Seal, and therefore both parties to the APA seek confidential treatment.

1

function and useful in the judicial process." *Lugosch v.Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of access is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II")). Therefore, motions to seal documents must be "carefully and skeptically review[ed] . . . to ensure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994).

A motion to seal documents filed in connection with a motion to dismiss should generally be ruled on apart from the underlying motion to dismiss it is made in connection with. *Lugosch*, 435 F.3d at 120-121. Motions to seal are completely "distinct"from resolving the merits of the underlying action. *Doe v. Lerner*, 688 F. App'x 49, 50 (2d Cir. 2017).

A.  **Common Law Presumption of Access**

"In *Lugosch*, the Second Circuit described a three-step inquiry to be used by district courts prior to permitting judicial documents to be withheld from public view."*Collado*, 193 F. Supp. 3d at 288. First, a court must determine whether "'the documents at issue are 'judicial documents'" to which the presumption of access attaches. *Lugosch*, 435 F.3d at 119. If so, the court must then determine the weight of the presumption of access. *Id.* Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it," which include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch,* 435 F.3d at 120.

1.  Judicial Documents

In determining whether a document is a judicial document, a court must evaluate "the degree of judicial reliance on the document in question and the relevance of the document's

specific contents to the nature of the proceeding" and "whether access to the [document] would materially assist the public in understanding the issues before the ... court, and in evaluating the fairness and integrity of the court's proceedings." *Newsday*, 730 F.3d at 166-67. "An adjudication [of a motion to dismiss] is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

Since BlueGreen is relying on the APA document to support their Motion to Dismiss, and the Court must therefore consider the document in ruling on the motion, the document is a "judicial document".

2. <u>Weight of Presumption</u>

The weight of the presumption is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119–20. The locus of the inquiry is whether the document "is presented to the court to invoke its powers or affect its decisions." *Amodeo II*, 71 F.3d at 1050.

The "presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'" *Amodeo II,* 71 F.3d at 1049. The test "focuses not on whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties. If a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight." *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006).

In this case, BlueGreen submitted and therefore apparently intended for the Court to consider the APA document in exercising its Article III adjudicatory powers. The public deserves to see what judicial document the court relied on in issuing its ruling. *Lugosch,* 435 F.3d at 123 ("[T]he rationale behind access is to allow the public an opportunity to access the correctness of the judge's decision . . ."). Since the APA document "pertain[s] to matters that 'directly affect' the Court's adjudication", *Collado*, 193 F. Supp. 3d at 289, the "weight of the presumption" of access is heavy.

3. <u>Countervailing Factors</u>

A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as: preservation of the attorney-client privilege (*Lugosch*, 435 F.3d at 125); law enforcement interests and privacy of innocent third parties (*Amodeo II*, 71 F.3d at 1050); and national-security concerns (*United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Bargained-for confidentiality between parties does not overcome the presumption of public access to judicial documents. *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014). The presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of parties seeking to keep their agreements private. Further, a possibility of future adverse impact to reputation resulting from disclosure is "not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017).

BlueGreen has failed to meet the burden of articulating a compelling countervailing rationale for filing the APA document under seal that overcomes the presumption of public access.

*See Collado,* 193 F. Supp. 3d at 289. Consequently, a Common Law presumption of access applies to the agreement.

**B.     First Amendment**

Because BlueGreen is not entitled to seal the APA document under the less stringent Common Law standard, it is also not entitled to seal the document under the "more stringent" First Amendment standard. *Lugosch*, 435 F.3d at 124. As with the Common Law right, the First Amendment protects public access to judicial documents if they "are necessary to understand the merits" of the proceeding. A complete reading of the APA document is necessary for the very adjudication BlueGreen seeks, i.e., dismissal of the Plaintiffs' Complaint. Consequently, a First Amendment right of access attaches to the document in question. The more so because the APA document and BlueGreen becoming TMC Sponsor both resulted from the NYAG's public investigation of the Eichner Defendants' wrongful conduct while TMC Sponsor, which investigation was discontinued by the terms of the AOD.

Public access to the APA document, contemplated by the AOD, and whose subsequent termination triggers specific provisions of the AOD, outweighs any countervailing argument in support of sealing, since the document pertains to TMC that was the subject of the NYAG's investigation, and since the targets of that investigation, i.e., admitted TMC wrongdoers the Eichner Defendants, are parties to the APA.

While the First Amendment's presumption of public access to judicial documents may be overcome if the moving party makes "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest", *Lugosch*, 435 F.3d at 120, "broad and general findings" and "conclusory assertion[s]" are insufficient to justify deprivation of public access to the record. *In re New York Times Co.*, 828

F.2d at 116. In this case, BlueGreen has not even come close to rebutting the First Amendment presumption, let alone offering specific, on the record findings, that would support sealing the APA document.

**C.     Partial Redaction**

Finally, BlueGreen should be ordered to remove the partial redactions of portions of the APA document they made prior to submitting the document to the Court, since such redactions run counter to the presumption in favor of public access to judicial documents, and since the redactions impair the Court's ability to review and analyze the document and its interlocking portions as a whole, and since the redactions will impair the public's ability to make sense of the Court's analysis of the same.

Further, while BlueGreen seeks to keep the financial terms of the APA under seal, these terms are of specific public interest because the alleged wrongdoings of the Eichner Defendants at TMC specifically involved financial improprieties, and the alleged breach of the APA is apparently also related to financial issues.

### III.     CONCLUSION

Therefore, for the foregoing reasons, the entire APA should be available in the public record of this Court, without redaction.

Respectfully submitted,

By: /s/ Jean-Marc Zimmerman
Jean-Marc Zimmerman
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
T: (908) 768-6408
E: jmz@zimllp.com

                            Steven M. Hoffberg
                            Hoffberg & Associates
                            29 Buckout Road
                            West Harrison, NY 10604
                            T: (914) 949-2300
                            E: steve@hoffberglaw.com

                            Attorneys for Plaintiffs

Date: November 12, 2020