# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

JENNIFER S. RECINE
DIRECT DIAL: (212) 506-1916
DIRECT FAX: (212) 658-9722
JRecine@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

## MEMORANDUM ENDORSED

October 29, 2020

**VIA ECF**

Hon. Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2021

Re:   *Acklin, et al. v. Eichner, et al.*, Case No. 20-cv-07042

Dear Judge Woods:

We represent all defendants except Bluegreen Vacations Unlimited, Inc. (collectively, the "Manhattan Club Defendants"). As directed by the Court, we hereby respectfully submit this letter response to explain the basis for additional redactions to the exhibits that Bluegreen Vacations Unlimited, Inc. ("Bluegreen") filed in support of its motion to dismiss (the "Motion").

Along with its Motion, Bluegreen filed two copies of a highly sensitive, confidential agreement between Bluegreen and certain of the Manhattan Club Defendants (the "PSA") in breach of the PSA. The PSA sets forth all of the terms and conditions of the sale of The Manhattan Club timeshare property to Bluegreen. Section 13.1 of the PSA prohibits the parties to the agreement from disclosing "the confidential business terms" of the transactions described therein, at any point in time.

The law is clear that the presumption of public access to court documents can be overcome on a showing of "countervailing factors," such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Additionally, this Court's Rules of Individual Practice contemplate that "proprietary or trade secret information" – such as the confidential business terms of the PSA – can be sealed from public view. *See* Ind. Prac. R. 4(A)(i). As described below, the Manhattan Club Defendants have a legitimate privacy interest in maintaining the confidentiality over the sensitive business terms contained in the PSA sufficient to overcome any potential right of public access. *See Haley v. Teachers Ins. & Annuity Ass'n of Am.*, No. 17-cv-855, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) (permitting sealing of business material that, if disclosed, could result in competitive harm); *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 WL 1451548, at *5 (S.D.N.Y. Apr. 12, 2016) (permitting sealing of sensitive business information of a private company).

But before even considering the Manhattan Club Defendants' privacy interests in the confidential business terms of the PSA, the Court must first determine whether the PSA is even a "judicial document," defined by the Second Circuit as an "item [that] must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at

KASOWITZ BENSON TORRES LLP

Hon. Gregory H. Woods
October 29, 2020
Page 2 of 3

119, quoting *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  At this pre-answer stage of the litigation, the PSA is not a "judicial document" because almost the entirety of the PSA has nothing to do with the arguments currently before the Court on Bluegreen's Motion.  The only reason why the document is of any relevance at this time is because Bluegreen argues in its Motion to dismiss that "Section 3.1 makes plain that Bluegreen did not assume any of the Seller's Liabilities that predated any of the closings for" its purchase of the timeshare assets. Motion (Doc. 73) at 7.  In light of this, and in an attempt to resolve this dispute without burdening the Court, we informed Bluegreen that we are willing to agree that Section 3.1 of the PSA does not need to be filed under seal, and can remain quoted in Bluegreen's Motion papers and attached as an exhibit.  While Bluegreen refused to agree, the Court itself can, and should, determine that because no portion of the PSA other than Section 3.1 is relevant at this juncture, the PSA is not a "judicial document," and accordingly can be appropriately sealed.

But even if the PSA were a "judicial document," the Manhattan Club Defendants' privacy interests in the PSA are sufficient to overcome any presumption of public access.  In contravention of both its contractual obligations (and common business sense), Bluegreen has taken the untenable position that the only "confidential business terms" of the PSA that need be redacted are certain of the provisions that deal with specific and numeric consideration Bluegreen was required to pay under the PSA.  This is not the case.  The PSA has a host of confidential business terms that together set forth the overall nature of the proprietary sale transaction, which was structured in phases scheduled to take place over time.  This complex structure was agreed to only after months of negotiations with Bluegreen, and would not be necessarily applicable to another third-party purchaser.  Therefore, the disclosure of the confidential terms of the transaction, including its overall structure, will prejudice the Manhattan Club Defendants because, as Bluegreen is aware, the Manhattan Club Defendants are marketing the timeshare property to third parties and may not wish to employ the aforementioned structure.

Moreover, Bluegreen's positions with respect to the supposedly limited confidentiality of the PSA are misleading.  Even according to Bluegreen's own submissions, it is appropriate to redact the PSA's "price terms" from public filings. *See, e.g.*, Bluegreen Oct. 26 letter (Doc. 77) at 2.  But in its sealing proposal, Bluegreen has failed to redact large portions of the agreement that address the calculation of the consideration due over time. *Compare, e.g.*, Bluegreen's Motion Ex. A (Doc. 72-1) at 41-42 *with* Ex. A hereto at 41-4; *see also* Bluegreen Motion at 7 (acknowledging that the entirety of "Article 3 of the [PSA] governs the Purchase Price").  The Manhattan Club Defendants' proposed redactions should therefore be adopted by the Court so that the actual confidential business terms of the transaction remain confidential.

Finally, in the event this case survives both Bluegreen's Motion and the Manhattan Club Defendants' forthcoming motion to dismiss, should any portions of the PSA other that Section 3.1 become relevant to the claims or defenses in this action, the confidentiality of the PSA must be addressed through a confidentiality stipulation and protective order.  Indeed, Bluegreen was obligated to ensure the appropriate confidential treatment of the PSA by plaintiffs before turning it over to them based on the plain terms of the agreement and customary practices of filing confidential information with a court.

KASOWITZ BENSON TORRES LLP

Hon. Gregory H. Woods
October 29, 2020
Page 3 of 3

   For the foregoing reasons, and because no portions of the PSA other than Section 3.1 are relevant at this stage of the litigation, the public disclosure of the confidential agreement should be limited in the manner as proposed by the Manhattan Club Defendants in the exhibit attached hereto. We thank the Court for its consideration of this matter.

                Respectfully submitted,

                /s/ Jennifer S. Recine

Application granted. In Mirlis v. Greer, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" Id. (quoting United States v. Erie Cty., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quotation omitted). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id.

Having evaluated these factors, the motion to file the PSA subject to the redactions set forth in the attachment to this letter at this time is granted. The document is a judicial document. The weight of the presumption with respect to the redacted text is low; it did not figure in the Court's evaluation of the motion to dismiss. The reasons identified in this letter--in particular, the competitive harm to the Manhattan Club Defendants in the event that the commercial terms of the transaction were disclosed at this time--outweigh the public's interest in disclosure of the redacted portions of this document at this stage of the case. See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential information in affiliation agreements on the ground that disclosure would harm the defendants' competitive standing).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 75 and 77.

SO ORDERED.
Dated: September 28, 2021
New York, New York

          _____
          GREGORY H. WOODS
          United States District Judge