**MANDATE**

25-3-cv
*Acklin v. Eichner*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          SARAH A. L. MERRIAM,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 08, 2026

——————————————————————————

CHARLES R. ACKLIN, MARIBEL ACUTANZA, PHILIP D. ACUTANZA, SCOTT ADLER, RACHELLE ADLER, SUNIL AGGARWAL, JATINDER AGGARWAL, CAROLYN E. ALLEN, CARMELO ALU, LINDA ALU, ERROL L. BENNETT, JOAN A. BEUTLER, ROBERT A. BIELLO, LOIS A. BIELLO, NICHOLAS P. BIGOTTI, LARRY A. BOWERS, ARLA BOWERS, ROBERT R. BURG, MICHELLE N. CABAY, WILLIAM CALAMONERI, KAREN SCHEMBRE, JOSEPH M. CARBO, DEBORAH CARBO, GEORGE CASTELLANO, ANTOINETTE CASTELLANO, WADE CHILCOAT, LAUREL M. CLARK, SUSAN A. CLARK, ALBERT M. CLARK, ROLLIN P. COLLINS, BONNY K. COLLINS, ELIZABETH CONWELL, CHARLES ROBERTSON, JUDITH COOPER, JOSEPH CORENO, MICHELLE CORENO, CAROL A. DAHIR, BURT DANOVITZ, RAYMOND DAYAN, PATRICIA H. DAYAN, PAUL DEWITT, SUSAN H. DILLON, RICHARD S. DILLON, JOHN E. DITCHBURN, LYNNE DITCHBURN, DANA C. DREW, SIDNEY T. FELDMAN, FREDA FELDMAN, ALEXANDRA FENG, PATRICIA CHEN FENG, JOSEPH K. FERRARA, NANCY A. FERRARA, REBECCA FITZMAURICE, DAVID W. FOOTE, ANNE P. IVERSON, DANIEL J. FRANKLIN, ANDREA V. FRANKLIN, LINDA GAGNE, RODNEY M. BICKFORD, PAMELA P. GETHARD, THOMAS R. GETREUER, DONNA C.

**MANDATE ISSUED ON 01/08/2026**

GETREUER, LAUREN GIBALDI, ROBERT D. GOFONIA, MARRIANN GOFONIA, LINDA GOLAY, GERALD N. GOLDMAN, MYRIAM C. STRAUSS, LUCILLE GRAESSLE, KURT GRIMM, MARGARET A. GRIMM, NEIL J. GROSSMAN, JUDITH GROSSMAN, MARK GRUNEWALD, SALLY GRUNEWALD, KATHERINE A. HAYDEN, JOHN D. HOULE, MICHAEL D. HEBERT, JANET H. HEBERT, KARL HESS, CAMILLE KURTZ, LINDA M. HOOKS, MARK D. HUGHES, MICHELLE R. HUGHES, MELISSA JESSUP, GREGORY P. JOHNSON, NANCT A. JOHNSON, GAIL E. JORDAN, PAUL A. JORDAN, ULLA P. JORDAN, PATRICIA V. KAPLAN, JEROME D. KAPLAN, SUSAN KAPLAN, LARRY LASKER, SYLWIA KARWOWSKA, AUDREY KAUFMAN, MARILYN KAUTZER, CURTIS KAUTZER, DALE R. KICHLINE, JR., MARY ANN KICHLINE, PAULINE KONTOMANOLIS, NIKOLAS KONTOMANOLIS, CHRISTINE LALLY, THOMAS R. LALLY, ROGER S. LICHTMAN, JOSEPH A. MAGLIATO, ROBIN MAGLIATO, DAVID R. MANN, SUZANNE C. MANN, JOSEPH D. MAPES, CYNTHIA L. MAPES, CHERYL D. MARSH, BENJAMIN H. TICKNOR, RICHARD J. MARRIOTT, SHIRLEY MARRIOTT, BRIAN P. MCCUE, LUCILLE M. MCCUE, KATHY MCMONIGLE, CHARLES MCMONIGLE, NIKKI MCNICOL, JOHN MIKESH, ROBERT C. MILLER, CAROL MILLER, JAMES R. MOORE III, DEBORAH L. MONLUX, JAMES D. MUIR, ARETTA B. MUIR, PAUL NISSELLE, CHARLES J. NEUMANN, PRISCILLA J. NEUMANN, DENNIS O'MALLEY, SUZANNE L. O'MALLEY, SUSAN O'NEILL, JOAN H. ORR, JANINE GETEK, GARY J. PACCAGNINI, KAREN L. PACCAGNINI, DEBORAH LEE PETERS, ALEXANDER K. PEYER, KATHLEEN PEYER, SUSAN PIERSON-O'HARA, PATRICK O'HARA, KENNETH PIGNATELLO, BERNADETTE PIGNATELLO, JOSE M. POLANCO, CARMEN Y. POLANCO, DAVID R. PRESS, CAROLYN B. PRESS, PAUL PRICE, EILEEN PRICE, DAVID S. PURVIS, THOMAS REDDY, JEAN MCEWEN RODBY, CRAIG R. RODBY, ROBERT RODGRIGUEZ, MARILYN ROLL, CHARLES S. ROLL, MARCY D. ROOKEY, RONALD J. ROOKEY, HENRY T. SATT, MARY ANNE SATT, ROBERT D. SCHROCK, JR., CAROLYN SCHROCK, EDWARD S. SCHWARTZ, DIANE K. SCHWARTZ, SUSAN SENN, JAMES SENN, ELAINE K. SHAPIRO, STANLEY SILVERMAN, GENE SILVERMAN, ROBERT A. STAEHLE, GINA C. CHUNG, MARK STEVENS, TRACEY STEVENS, LINDA STROHMEYER, JOHN A. TAYLOR, KAREN M. TAYLOR, ANTONELLA TRISOLINO, BRIGITTE TUTSCHKA, SHARON VAN DE GRIFT, CHRISTOPHER A. VOLPE, ATHOL L. WALLACE, JILL A. WALLACE, THOMAS C. WARNOCK, LAURA C. WARNOCK, LAURENE WEAVER, ANDREAS WEBER, KATHLEEN L. WEBER, WILLIAM SHAIN, WALTER J. WEIR, SUSAN WEIR, RICHARD WEISS, DAVID WICHERS, THOMAS S. WOODSON, ANNE K. WOODSON, MICHAEL WORSHAM, GEORGE M. WORTON, ROSANNE E. WORTON, ARLO YOUNG, NEIL D. YOUNG, IRENE I. YOUNG, RICHARD ZIERDT, MICHAEL J. ZIMMERMAN, PENNY KRESS ZIMMERMAN, BARKEV & BEATRICE KLIJIAN TRUST, LILLIAN HASSMAN, ELLEN HAFFA, WATTS C. MCCOY, LYNNE B. COLLINS, PETER C. BROWN, BARBARA FISHMAN, DREW REALTY TRUST, JESSE D. FREEMAN, COLLEEN A. YOUNG, KATHLEEN

MCCARTHY, ROBERT HECKLER, MIRIAM HARRINGTON, FONG LIU, JANET VIGNOLA, KENETTA BAILEY, JANE KLINGER, DONATO PATRIARCA, TINA WATTS, ALAN SKILES, SHARI COHEN, DIANE I. MCELDOWNEY, YOULANG PAN, DUANE A. STILWELL, JOHN R. FERRARA, BOWERS FAMILY TRUST, LEONARD W. YOUNG, SUSAN HECKLER, ROBERT J. COHEN, WILLIAM D. SPANGLER, CHARLES W. BOWLES, PETER ANDERSON, HAROLD E. FRIEDMAN, MELODY HARSLEY, OFFICER DAVID MORRIS, KENNETH IOLLAR, FREDERICK C. MCELDOWNEY, LINDA GEIS, JOSEPH TAGLIARINI, LEO B. BERMAN, VAN DE GRIFT FAMILY TRUST, GRANT E. SCOTT III, ROBERT P. HAFFA, JR., ROBERT STEWART, STEPHEN A. SHAW, VICTOR R. RISCH, MARY I. SCOTT, RICHARD MOLINELLI, STEPHEN L. FEIT, SHIELA BAYNE, MARY A. BUCHANAN, KAREN O. MCCHAREN,

*Plaintiffs-Appellants*,

JOHN S. KUHLTHAU, CAROL C. KUHLTHAU, ROBERT D. MARTH, JANET K. MARTH, ORLY COHEN, DENNIS M. LUC, YAIR COHEN,

*Plaintiffs*,

v.                                                                    25-3-cv

IAN BRUCE EICHNER, LESLIE H. EICHNER, STUART P. EICHNER, SCOTT L. LAGER, T. PARK CENTRAL LLC, O. PARK CENTRAL LLC, PARK CENTRAL MANAGEMENT LLC, MANHATTAN CLUB MARKETING GROUP LLC, NEW YORK URBAN OWNERSHIP MANAGEMENT LLC,

*Defendants-Appellees*,

BLUEGREEN VACATIONS UNLIMITED INC.,

*Defendant*.

———————————————————————

| | |
|---|---|
| For Plaintiffs-Appellants: | JEAN-MARC ZIMMERMAN, Lucosky Brookman LLP, Woodbridge, NJ. |
| For Defendants-Appellees: | ANDREW R. KURLAND, Herschmann Benson Bowen LLP, New York, NY. |

3

Appeal from the United States District Court for the Southern District of New York (Gregory H. Woods, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED**.

Plaintiffs-Appellants are investors who purchased timeshare interests in a Manhattan building. They asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under state law. The district court dismissed the RICO claims as inadequate but permitted Plaintiffs to amend their complaint, which they did. The Amended Complaint, however, still did not pass muster, and the district court dismissed the RICO claims with prejudice.[1] A judgment was entered on February 26, 2024.

Plaintiffs, while unhappy with the decision, did not appeal the judgment within the 30-day deadline set by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. Instead, on March 27, 2024, the day of the deadline, one plaintiff, Charles Acklin, filed (1) a motion to extend his time to file a notice of

---

[1] The court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismissed them without prejudice. Plaintiffs did not seek further review of that aspect of the judgment.

4

appeal, and (2) a notice of motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. His memorandum of law in support of the Rule 60(b) motion followed the next day. Also on March 28, 2024, the remaining plaintiffs similarly filed two separate motions, one seeking to extend their time to appeal and another seeking relief from judgment under Rule 60(b). The district court denied both extension requests and, later, both Rule 60(b) motions.

Plaintiffs now appeal from the denial of their Rule 60(b) motions. We assume the parties' familiarity with the underlying facts and procedural history.

"District courts' Rule 60(b) rulings are reviewed 'only for abuse of discretion.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 216 (2025), quoting *Browder v. Dep't of Corrections of Illinois*, 434 U.S. 257, 263, n. 7 (1978). "To be upheld, a district court's decision need only 'appl[y] the correct legal standard and offe[r] substantial justification' for its conclusion." *Id.*, quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (alterations in original) (internal quotation marks omitted). The district court's decision does just that.

"Proper characterization of [a] Rule 60(b) motion is a threshold issue[.]" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). While Plaintiffs' Rule 60(b) motion largely neglected that issue, broadly seeking relief under Rules

5

60(b)(1) and 60(b)(6) without carefully distinguishing the two, the district court accurately characterized their request for relief as "governed by Rule 60(b)(1) as to the Court's purported mistakes" and "by Rule 60(b)(6) as to Plaintiffs' request for leave to amend . . . after conducting discovery." Special App'x 7–8.

A Rule 60(b)(1) motion must be filed "within a reasonable time" but "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Contrary to Plaintiffs' argument, the plain language of that Rule does not render a motion under Rule 60(b)(1) timely provided that it is filed within a year; it provides instead that *any* motion under Rule 60(b) must be "made within a reasonable time," and imposes an *additional* requirement that motions under Rule 60(b)(1), (2), or (3) must be made within a year. *See* 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2866 (3d ed. 2025) (explaining that "[t]he one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired").

When a Rule 60(b)(1) motion alleges mistakes "of a substantive legal nature" that could have been the subject of appeal, we have held that the "reasonable time" will ordinarily not extend beyond the time limit for filing an

6

appeal, which is "30 days after entry of the judgment . . . appealed from." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); Fed. R. App. P. 4(a)(1)(A); *see also Ahmed v. Noem*, No. 24-1260, 2025 WL 428424, at *1 (2d Cir. Feb. 7, 2025) ("[O]ur caselaw is clear that a motion to correct the district court's mistake pursuant to Rule 60(b)(1) must be brought within the time to appeal the judgment.").[2] Plaintiffs do not satisfactorily explain why their situation would fall within any exception to this ordinary limitation; their claim that the district court's dismissal of their RICO claims was erroneous is simply a garden variety assertion of legal error that is the ordinary grist of appeals and motions under Rule 60(b)(1).

Therefore, the district court correctly rejected Plaintiffs' Rule 60(b)(1) motions as untimely. Moreover, Plaintiffs did not contest that ruling in their opening brief and thus forfeited any challenge on that basis. *See Hussein v. Maait*,

---

[2] Contrary to Plaintiffs' contention, that rule does not force parties discontented with a district court's ruling to file unnecessary appeals in cases where the district court could more easily correct its own alleged errors. It simply means that such parties must file their Rule 60(b)(1) motion within 30 days. Moreover, if the motion is filed within 28 days, the motion will automatically extend the time to appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e).

7

129 F.4th 99, 123 (2d Cir. 2025).[3]

The district court also correctly addressed Plaintiffs' request for another opportunity to amend the complaint under Rule 60(b)(6), the catchall provision for "any other reason that justifies relief" and does not fit any preceding Rule 60(b) category. Plaintiffs invoke the liberal allowance of amendments under Rule 15(a)(2). But as the Supreme Court made clear in *BLOM Bank*, with respect to *post-judgment* motions to amend, "a party seeking to reopen his case and replead must first satisfy Rule 60(b)[(6)] on its own" by demonstrating "extraordinary circumstances." 605 U.S. at 210. Mindful of the equitable nature of such relief, courts "emphasize[] the importance of a Rule 60(b)(6) movant's faultlessness," and refuse to relieve the movant from "'free, calculated, [and] deliberate choices.'" *Id.* at 212, quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Plaintiffs do not explain why they waited until after the appeal deadline to seek vacatur, nor do they identify any facts or legal arguments previously unavailable

---

[3] One plaintiff, Acklin, filed his *notice* of motion, without any supporting papers, 30 days after the judgment. Plaintiffs do not argue that the standalone notice constitutes a timely motion – nor could they. *See Colluci v. Beth Israel Med. Ctr.*, 531 F. App'x 118, 119–20 (2d Cir. 2013) (affirming denial of motion as untimely in light of the district court's local rule requiring all motions to include a memorandum of law).

that might justify their delay. Additionally, as the district court correctly found, they did not identify any "extraordinary circumstance" justifying vacatur.

*   *   *

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the decision of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9